**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOSE FUENTES,**

           **Plaintiff,**

-vs-                                        **Case No. 6:06-cv-1646-Orl-28KRS**

**SACRA GROUP TELEVISION, INC.,**
**JOSE A. GARCIA,**

           **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 22)** |
| **FILED:** | **June 8, 2007** |

**I.    PROCEDURAL HISTORY.**

      On October 23, 2006, Plaintiff Jose Fuentes filed a complaint against Sacra Group Television, Inc. (Sacra) and Jose A. Garcia alleging violations of the overtime and minimum wage provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, and, as to Sacra only, breach of an employment contract. Doc. No. 1. Fuentes alleges that the defendants failed to pay him minimum wages and overtime compensation while he was employed by Sacra and Garcia, and failed to pay him the agreed contractual rate for his work. Fuentes seeks liquidated damages, attorneys' fees, and costs.

The complaint was served on Sacra on November 25, 2006. Doc. No. 8. Despite numerous attempts to serve Garcia, and multiple motions for extensions of time to serve him, Garcia was never served. Doc. Nos. 11, 13, 18. The claims against Garcia were dismissed without prejudice. Doc. No. 24. At Fuentes' request, the Clerk of Court entered a default against Sacra. Doc. No. 10.

Thereafter, Fuentes filed the present motion for default judgment against Sacra.[1] Doc. No. 22. In support of his motion, he filed the following documents:

- Affidavit of Attorney's Fees and Costs by K.E. Pantas, doc. No. 22-2 (Pantas Aff.); and

- Affidavit of Jose Fuentes, doc. no. 22-3 (Fuentes Aff.);

## II.    STANDARD OF REVIEW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F.

---

[1] In his motion, Fuentes does not include any argument about the breach of contract claim. Accordingly, it appears that he has abandoned this claim.

Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the Court may hold a hearing for purposes of assessing damages. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Federal Rule of Civil Procedure 55(b)(2)). However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages. *Id*.

The plaintiff has the burden of proving the amount of damages to be awarded. When the employer has violated its duty to keep adequate records, the employee satisfies this burden by producing "sufficient evidence to prove that he 'performed work for which he was improperly compensated' and 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *McLaughlin v. Stineco, Inc.*, 697 F. Supp. 436, 450 (M.D. Fla. 1988) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). If the employer does not come forward with evidence of the precise amount of work performed or other evidence to negate the plaintiff's *prima facie* case, the "court may award approximate damages based on the employee's evidence." *Id.*; *see also Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999) ("[W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.").

### III.     ALLEGATIONS OF THE COMPLAINT.

Fuentes was employed by Sacra from November 21, 2005, to June 2006, as the director of comedy at Sacra's location in Orlando, Florida. Doc. No. 1 ¶ 4. Sacra is an employer as defined in the FLSA, and Fuentes was engaged in commerce as defined in the FLSA. *Id.* ¶¶ 5, 6.

In Count I, Fuentes alleges that Sacra failed to "compensate [him] on the regular payday for the work week of November 21, 2005 through June, 2006 in an amount equal to or greater than the federal minimum wage." *Id.* ¶ 12. This violation was willful. *Id.*

In Count II, Fuentes alleges that he "worked numerous weeks in excess of forty (40) hours a week, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he was employed." *Id.* ¶ 14. This violation was willful. *Id.*

**IV.   ANALYSIS.**

    A.   *Liability*.

        1.   <u>FLSA Minimum Wage Claim</u>.

To establish a claim for payment of minimum wages under the FLSA, Fuentes must establish the following:

> First, that he was employed by Sacra during the time period involved;
>
> Second, that he was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and
>
> Third, that the defendants failed to pay the minimum wage required by law.

Eleventh Circuit Pattern Jury Instructions–Civil 1.7.1 (2005).

By failing to answer the complaint, Sacra admits that it employed Fuentes during the time period involved in this case. It admits that Fuentes was engaged in commerce. It admits that it failed to pay Fuentes a minimum wage as required by the FLSA. This is sufficient to establish that Sacra is liable to pay Fuentes the minimum wages he is owed for his work.

        2.     <u>FLSA Overtime Compensation Claim</u>.

To prevail on his FLSA overtime claim, Fuentes must establish the following:

First, that he was employed by Sacra during the time period involved;

Second, that he was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and

Third, that Sacra failed to pay the overtime compensation required by law.

*See* Eleventh Circuit Pattern Jury Instruction–Civil 1.7.1 (2000).

By failing to answer the complaint, Sacra admits that it employed Fuentes during the relevant time period. It admits that it was an employer and was required to comply with the FLSA. It also admits that it failed to pay overtime compensation as required by the FLSA. This is sufficient to establish that Sacra is liable to pay Fuentes the overtime compensation he is owed for his work.

    *B.*    *Damages.*

Fuentes relies on his affidavit to establish the compensation due under the FLSA. It is well established that "where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). In this case, Sacra has not answered the complaint. Thus, I find that Fuentes' affidavit is sufficient evidence to show the amount and extent of the work he performed, and provides an adequate basis for calculating his damages.

       1.    <u>Minimum Wages under the FLSA</u>.

Under the FLSA, Fuentes is entitled to be compensated for the difference between the wages he received and $5.15 per hour for work he performed. 29 U.S.C. § 206(a)(1).[2] Fuentes avers that he was employed by Sacra from November 21, 2005 through June, 2006,[3] and seeks compensation for 30 weeks[4] of unpaid work. Fuentes Aff. ¶¶ 3, 6. He avers that during that time, he "worked an average of 50 hours per week for Sacra for which [he] never received compensation." *Id*. ¶ 3. Any hours worked in excess of 40 hours a week will be addressed in the next section of this report and recommendation. Thus, for working 1200 hours,[5] the statutory minimum wage that should have been paid to Fuentes is $6,180.00.[6] As Fuentes was not paid any wages for his work during that time period, the amount of compensation he is owed is not reduced by previously received wages.

---

[2] The complaint seeks minimum wages under the FLSA, not under Florida law, which provides for a higher minimum wage. *See* FLA. CONST. ART. 10, § 24 (establishing a minium wage rate of $6.15 per hour  Accordingly, the applicable minimum wage for purposes of the motion for default judgment is $5.15 per hour.

[3] At times in Fuentes' Affidavit and in his motion for entry of default judgment, Fuentes states that he was employed from November 21, 2005 through September, 2006. This appears to be a scrivener's error, as the complaint lists Fuentes' employment as ending in June 2006. Additionally, the compensation sought by Fuentes, 30 weeks of unpaid work, is consistent with the allegation that he stopped working in June 2006.

[4] Assuming that Fuentes began working for Sacra on November 21, 2005, and that he was employed for 30 weeks, his employment terminated on June 19, 2006.

[5] This figure is computed by multiplying the number of weeks worked (30) by the number of non-overtime hours worked per week (40).

[6] This figure is computed as follows: minimum wage ($5.15) multiplied by hours worked (1200) totals $6,180.00.

2.  FLSA Overtime Claim.

Under the FLSA, Fuentes is entitled to be paid one and one-half times his regular rate of pay for all hours worked in excess of forty during a work week. *See* 29 U.S.C. § 207(a)(1). Under the FLSA, Fuentes' overtime rate is based on his regular rate of pay (regardless of whether he can only recover the minimum wage for his non-overtime work). In his Affidavit, Fuentes avers that he was to be compensated at a rate of $250.00 per hour. *Id.* ¶ 3. By failing to answer the complaint, Sacra admits that it agreed to pay Fuentes at this rate. Doc. No. 1 ¶ 16.

Because Fuentes avers that he worked 50 hours a week, his hourly rate would have been $5.00 per hour.[7] Because this amount is less than the FLSA minimum wage, his overtime rate will be based on the FLSA minimum wage. Accordingly, as the FLSA minimum wage is $5.15 per hour, Fuentes is entitled to $7.72 per hour for every hour of overtime worked.

Fuentes avers that he "worked 10 hours of overtime per week for 30 weeks[,]" for which he was not compensated  *Id.* ¶ 6. He is therefore entitled to compensation for 300 hours of unpaid overtime. Based on the evidence presented, Fuentes is entitled to $2,316.00[8] in overtime compensation due and not paid.

3.  Liquidated Damages.

By failing to answer the complaint, Sacra admits that it acted willfully in failing to pay Fuentes the statutorily required minimum wage and overtime compensation. When, as here, a defendant has

---

[7] This figure is computed by dividing the number of hours worked (50) by weekly salary ($250.00) to arrive at the regular hourly rate of pay. 29 C.F.R. § 779.419(b); *Kohlheim v. Glynn County, Ga.*, 915 F.2d 1473, 1480 (11th Cir. 1990).

[8] This figure is computed by multiplying the number of hours of overtime worked (300) by the overtime compensation rate ($7.72).

not presented a defense that its failure to pay minimum wages or overtime compensation was in good faith, the court must also require the employer to pay liquidated damages in an additional amount equal to "the amount of . . . [the employee's] unpaid . . . compensation." 29 U.S.C. §§ 216(b), 260; *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir. 1979). Accordingly, Sacra is liable to pay Fuentes the amount of unpaid minimum wages and overtime compensation owed to him, $8,496.00 ($6,180.00 in minimum wages and $2,316.00 in overtime compensation), as liquidated damages.

      *C.*     *Attorneys' Fees and Costs*.

The FLSA mandates that in any action brought by an employee to enforce § 206 or § 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

Here, Fuentes seeks $3,120.00 in fees for the services provided by his attorneys in connection with this case, plus $440.00 in costs. Pantas Aff. at 2.

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

In determining the lodestar, a reasonable hourly rate is based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985); *see also Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)

(enumerating additional factors to consider). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." *Norman*, 836 F.2d at 1299 (internal citations omitted). It is well established that the court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

The "'fee applicant bears the burden of . . . documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. If the party submits inadequate documentation, the district court may reduce the amount of the award. *See id*.

       1.    <u>Reasonable Hourly Rate</u>.

Konstantine Pantas avers that he has been licensed to practice law in Florida since 1993. He has over twelve years of litigation experience and has practiced exclusively in the area of employment law since 2000. He seeks a rate of $300.00 per hour. Pantas Aff. ¶ 4.

Pantas avers that Charles L. Scalise, Esq., has been licensed to practice law in Florida since 1988, and has over eighteen years of litigation experience, including eight years of employment law litigation. Fuentes seeks an hourly rate of $300.00 for Scalise's work. Pantas Aff. ¶ 5.

In support of these rates, Pantas cites *Mary Coon v. The Palm Motel, Inc.*, No. 6:06-cv-47-Orl-28DAB, asserting that the Court approved the rate of $300.00 per hour for an attorney with similar experience and expertise. Pantas Aff. ¶ 5. However, this case does not support the rates requested. *Mary Coon v. The Palm Motel, Inc.* involved a settlement in which the defendants did not object to the amount of attorney's fees sought by Attorney Scalise. No. 6:06-cv-47-Orl-28DAB, doc. no. 30. In the Report and Recommendation recommending that the district judge find that the settlement was fair and reasonable, the Court acknowledged that while "Mr. Scalise's typical hourly rate is $300," he reduced his typical hourly rate because of the cost of collecting on a judgment on an out-of-state defendant. *Id.* It was this reduced attorney's fee that the Court found reasonable.

In other FLSA cases, this Court has previously determined that a reasonable rate for Pantas' and Scalise's services, considering the Orlando legal market and is $250.00 per hour. *See, e.g.*, *Reyes v. Falling Star Ent., Inc.*, No. 6:04-cv-1648-Orl-KRS, 2006 WL 2927553, *3 (M.D.Fla. Oct.12, 2006). In this case, this rate is particularly appropriate because, despite the fact that Florida law provides for a higher minimum wage than federal law, the complaint asserted only claims under federal law.

Accordingly, considering the Orlando legal market, awards in similar cases, an hourly rate of $250.00 for work performed by Pantas and Scalise is appropriate in the absence of objection.

    2.    <u>Reasonable Number of Hours</u>.

In reviewing the time sheets submitted with Pantas' Affidavit, Fuentes' attorneys spent a number of hours attempting to serve, and requesting extensions of time to serve, Jose A. Garcia. Garcia was never served and was eventually dismissed from this action. As Sacra is not responsible for Fuentes' inability to serve Garcia, Fuentes' attorneys can not seek attorney's fees from Sacra for

the time they spent trying to serve Garcia. Accordingly, Fuentes' attorneys can not seek fees for the following entries:

| 02/21/07 | Preparation of motion for extension of time to perfect service of process as to Jose Garcia | 0.30 | CLS |
| --- | --- | --- | --- |
| 02/22/07 | Receive and review order granting motion for extension to perfect service | 0.10 | CLS |
| 03/07/07 | Receive and review affidavit of non-service as to Jose Garcia | 0.10 | CLS |
| 03/12/07 | Preparation of alias summons | 0.20 | CLS |
| 04/10/07 | Preparation of motion for extension of time to file final default judgment | 0.30 | KEP |
| 04/12/07 | Receive and review order granting motion for extension of time to file motion for default judgment | 0.10 | KEP |
| 05/02/07 | Preparation of second motion for extension of time to perfect service | 0.20 | KEP |
| 05/03/07 | Receive and review order granting in part motion to extend time to perfect service | 0.10 | KEP |

Therefore, I recommend that the court reduce Scalise's time by 0.70 hours, and Pantas' time by 0.70 hours.

In the absence of objection, I recommend that the Court find that all of the hours worked, except those set out above, are reasonable.

3.  Lodestar.

Based on these recommendations, the lodestar attorneys' fee in this case is as follows:

| Attorney | Hourly Rate | Hours | Total |
|---|---|---|---|
| Konstantine Pantas | $250.00 | 5.3 | $1,325.00 |
| Charles Scalise | $250.00 | 3.7 | $925.00 |
| Total Award: | | | $2,250.00 |

4.  Costs.

Fuentes seeks costs in the amount of $440.00 for reimbursement for the filing fee ($350.00) and for the costs of serving process in this case ($90.00). Pantas Aff. ¶ 6. The FLSA provides for a mandatory award of "costs of the action" to a prevailing plaintiff. 29 U.S.C. § 216(b). The United States Court of Appeals for the Eleventh Circuit has held that in FLSA cases, courts may award as costs those expenses permitted by 28 U.S.C. § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988). The filing fee and costs of service are permitted under § 1920. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2001).

The docket sheet in this case reflects that Fuentes paid the filing fee. As to the cost of service of process, Pantas avers that a process server charged $25.00 for serving Sacra and $65.00 for attempting to serve Jose Garcia. As Garcia was dismissed from this action, Fuentes can only seek the costs of serving Sacra. Therefore, I recommend that Fuentes be awarded $375.00 in costs.

**V. RECOMMENDATION.**

For the foregoing reasons, I recommend that Plaintiff's Motion for Entry of Default Judgment, doc. no. 22, be **GRANTED in part and DENIED in part**. I recommend that the Court enter a default judgment against Sacra Group Television, Inc. on Fuentes' FLSA minimum wage and

overtime compensation claims and order Sacra to pay Fuentes damages in the amount of $16,992.00 (including liquidated damages), $2,250.00 in attorney's fees, and $375.00 in costs. I recommend that Count III of the complaint for breach of contract be **DISMISSED**. Finally, I recommend that the Court direct the Clerk to issue a judgment consistent with its ruling on this Report and Recommendation and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 12, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy